UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARTH BAYLEY,

Plaintiff,

- against -                                                    **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT and OFFICER JOHN
DOE,

**Jury Trial Demanded**

Defendants.
-------------------------------------------------------------------X

Plaintiff GARTH BAYLEY, by his attorneys, CAMPANELLI & ASSOCIATES, P.C., as

and for his complaint, respectfully alleges as follows:

**I        Nature of the Action**

1.      This case has arisen as a result of New York City Police Officers making

warrantless seizures of motor vehicles, without any warrants, any exceptions to the warrant

requirement, judicial order, or any other authority to makes such seizures, thereby violating

vehicle owner's rights against unreasonable seizures, afforded protection under the Fourth

Amendment.

2.      The officers, and New York City Police Department then additionally violate

vehicle owners' rights under the Fourth, Fifth and Fourteenth Amendments, by proceeding to

withhold such vehicle from their owners on a continuing basis, in direct violation of multiple

mandates handed down by the United States Court of Appeals for the Second Circuit.

1

3.      The Court of Appeals has repeatedly ruled that the New York City Police Department cannot make warrantless seizures of motor vehicles, and thereafter deprive the owners of such vehicles on a continuing basis, and affirmatively ordered the City to provide such vehicle owners with hearings, which the New York City Police Department STILL fails to do.

3.      In defiance of those rulings by the Second Circuit, and the Fourth and Fourteenth Amendments, the New York City Police Department simply permits its officers to make warrantless seizures of motor vehicles at any time, and then to retain them on a continuing basis, despite the fact that: (a) such vehicles are not needed as evidence in any pending civil or criminal action, (b) they are not being held for seeking their forfeiture, or (c) there is no legal basis, whatsoever, for retaining possession of such vehicles and thereby depriving the owners of their vehicle on a continuing basis.

4.      Consistent with such practices, defendant Police Officer Doe, seized and retained the Plaintiff's vehicle without a warrant, any exception to the warrant requirement, or any judicial order. The defendants have since retained continuing possession of the Plaintiff's vehicle, and deprived the Plaintiff of the use and possession of his vehicle, without having afforded him any pre-seizure hearing, post-seizure hearing, or any opportunity to be heard with regard to (a) the initial warrantless seizure of his vehicle, (b) any possible claim, of the City, that it is entitled to seek forfeiture of the vehicle, or (3) the City's right to retain physical possession of the Plaintiff's vehicle on a continuing basis.

5.      This seizure and continued retention are in direct violation of the due process requirements explicitly pronounced by the Second Circuit in <u>Krimstock v. Kelly</u> 360 F.3d 40 (2d Cir. 2002), wherein the Court explicitly mandated that the City must provide a hearing for such seizures.

6.      Despite the ruling in <u>Krimstock,</u> and other cases against the City such as <u>Hamilton v. City of New York</u> (24-cv-2550), <u>Munoz v. City of New York</u> (1:23-cv-09399), and <u>Breton v. City of New York</u> (23-cv-01021), the City and its police officers, are continuing to seize vehicles without adhering to the constitutional requirement for a hearing.

## II      Introduction

7.      The Plaintiff, Garth Bayley, brings this action to seek redress for the deprivation of his property without regard to his well-settled U.S. Constitutional rights.

8.      Specifically, the defendants, the City of New York and Police Officer Doe, have deprived the Plaintiff of his rights, secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizures, and to be free from State deprivations of his property without *Due Process* of law.

9.      On September 15, 2024, defendants Police Officer Doe ("Officer Doe"), and the New York City Police Department ("NYPD") made a warrantless seizure of a 2018 Infiniti QX-60 motor vehicle belonging to the Plaintiff.

10.     At the time of such seizure, defendant Officer Doe was, and remains, employed by the NYPD as a New York City Police Officer.

11.     Officer Doe seized the Plaintiff's vehicle without a warrant or any exception to the warrant requirement and caused it to be towed to an undisclosed location under the control of the NYPD.

12.     The Plaintiff has made repeated requests for the release of his vehicle, but his requests have been ignored by the defendants, who have no basis for retaining continuing possession of the Plaintiff's vehicle.

13.     There is no pending criminal case within which the vehicle is needed as evidence, and even if there were, the defendants have violated the Plaintiff's constitutional rights by affording the Plaintiff no pre-seizure notice, pre-seizure hearing or post-seizure hearing.

14.     Despite not having any basis to continue to deprive the Plaintiff of his automobile, the defendants refused to release the Plaintiff's vehicle when Plaintiff made a written demand for the release of same.

15.     As a result of the foregoing, the defendants have both (a) made an illegal seizure of the Plaintiff's property and (b) have deprived the Plaintiff of his property on a continuing basis without *Due Process* of law, in violation of the Plaintiff's U.S. Constitutional rights afforded protection under the Fourth, Fifth and Fourteenth Amendments, and concomitantly, the Plaintiff is entitled to obtain redress pursuant to 42 U.S.C. §1983.

### III      <u>Jurisdiction and Venue</u>

16.      This is a civil action seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys' fees brought pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, brought by the owner of a motor vehicle that was seized and retained by the defendant.

17.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

18.      The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for an inter-related state law claim which has arisen from the occurrences giving rise to the Federal Claims and which have a common nucleus of operative fact.

19.      The Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

20.      The Plaintiff seeks reasonable attorneys' fees as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

21.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391(a) because the defendant City's principal place of business is situated within the Southern District of New York.

**IV**    **The Parties**

22.    Plaintiff GARTH BAYLEY is an individual residing in Laurelton, New York.

23.    Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

24.    The New York City Police Department (hereinafter referred to as the NYC PD) is an Agency of the defendant, the City of New York.

25.    Upon information and belief, at all relevant times described herein, defendant Officer John Doe was, and remains an individual employed as a Police Officer employed by the New York City Police Department.

**V.**    **Preliminary Facts**

26.    At all relevant times described herein, the Plaintiff, GARTH BAYLEY was, and remains, the owner of a 2018 Infiniti QX-60 automobile bearing Vehicle Identification Number 5N1DL0MM3JC527693.

27.    On or about September 15, 2024, the defendants seized the Plaintiff's vehicle and caused it to be towed away and taken to an undisclosed location within the possession of the NYPD.

28.    For the four (4) months that have passed since then, and continuing to date, the defendants have failed and refused to release the Plaintiff's vehicle despite having received a written demand from the Plaintiff for the release of his vehicle.

29.    The defendants received those requests, ignored them, refused to release the Plaintiff's vehicle, and continued to deprive the Plaintiff of his use and possession of same.

6

30.     As is clearly-established law of which any police officer would be aware, under the constraints of the 14th Amendment to the United States Constitution, the defendants cannot: (a) seize someone's motor vehicle without a warrant, or an exception to the warrant requirement, or (b) deprive the owners of such vehicles of *Due Process*, while effectuating a *continuing deprivation* of their vehicles.

31.     As the U.S. Court of Appeals for the Second Circuit has explicitly ruled, when the NYCPD seizes and seeks to retain possession of a motor vehicle for purposes of seeking its forfeiture, it must provide the owner of such vehicle with a prompt "retention hearing," which must be conducted by a "neutral hearing officer." Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002).

32.     As has also been ruled against the NYCPD, if the Police Department seizes and seeks to retain continuing possession of a motor vehicle to be used as evidence in a criminal proceeding, it must make a prompt application for a Court order to retain the vehicle.

33.     The Police Department then must serve a copy of any retention order it has obtained within ten days after such order has been obtained, and must afford the owner of the vehicle with an opportunity to challenge the granting or continuance of any such order.

34.     In fact, in this instant action, the Office of the Queens County District Attorney signed a property release form, confirming the vehicle is not being retained as evidence in a criminal proceeding. *See* Exhibit "A."

35.     In the absence of obtaining such an order and providing such notice and opportunity to be heard to the owner of the seized vehicle, the *Due Process Clause* of the 14th Amendment requires the NYCPD to release the respective vehicle back to its owner

7

immediately.

36.    Having seized and continued to deprive the Plaintiff of the use and possession of his motor vehicle while having afforded him no pre-seizure or post-seizure hearing, the defendants have deprived the Plaintiff of his property without *Due Process* of law in violation of the Plaintiff's U.S. Constitutional rights.

## CLAIMS FOR RELIEF

### COUNT I

### *DUE PROCESS* CLAIMS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION
(Procedural *Due Process* - 42 U.S.C. §1983)

37.    The Plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "36" herein above, with the same force and effect as if fully set forth at length herein.

38.    At all times described herein, the Plaintiff possessed the clearly-established property rights, under New York State Law, to purchase, own, use, and possess his motor vehicle.

39.    As described above, the defendants herein have deprived, and continue to deprive, the Plaintiff of his property rights in using and possessing his motor vehicle without *Due Process* of law.

40.    More specifically, the defendants have refused, and continue to refuse to release the Plaintiff's motor vehicle despite not providing the Plaintiff with any pre-seizure or post seizure hearing, of any type, at which the Defendant afforded the Plaintiff any opportunity to challenge (a) the Defendant's warrantless seizure of which vehicle or (b) the Defendant's

subsequent continuing retention of same.

41.    The defendants effectuated such deprivation by creating and applying policies, practices, and procedures pursuant to which the Defendants have been permitted to retain continuous possession of the Plaintiff's motor vehicle and deprived him of the use and possession of same.

42.    The defendants applied such Constitutionally infirm practices, notwithstanding the dictates of the *Due Process Clause* and the Second Circuit's holding in <u>Krimstock</u>.

43.    In effectuating the deprivation of the Plaintiff's right to use and possess his motor vehicle, the defendants have violated the Plaintiff's right to procedural *Due Process* as guaranteed under the Fourteenth Amendment of the United States Constitution. As such, the defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983.

44.    As a result of the aforesaid defendants' violation of the Plaintiff's procedural *Due Process* rights, the Plaintiff has been damaged by being unable to use, possess and enjoy his property and by being unlawfully deprived of his vehicle, and he is therefore entitled to obtain damages equal to his vehicle's fair market rental value for the entire period of such deprivation,

45.    Under federal law, the Plaintiff is additionally entitled to an order directing the defendants to release the Plaintiff's vehicle to the Plaintiff immediately.

46.    Under New York substantive law, the Plaintiff is entitled to damages equal to the fair market rental value of his vehicle for the entire period during which the defendant deprived him of its use without having afforded him *Due Process.* <u>Kuwait Airways Corporation v. Ogden Allied Aviation Services,</u> 726 F.Supp. 1389 (E.D.N.Y.1989), <u>MCI Worldcom Network Services v. Pecrete Construction Inc.,</u> 2006 WL 559664 (S.D.N.Y. 2006), <u>Mountain View Coach</u>

Lines Inc. v. Storms, 102 A.D.2d 663, 476 NYS2d 918 (2nd Dept. 1984), Sellari v. Palermo, 188

Misc. 1057, 70 NYS2d 554 (1947) Naughton Mulgrew Motor Car Co. v. Westchester Car Co.

105 Misc. 595, 173 NYS 437 (1919).

     47.    All of the injuries described herein above were actually and proximately caused

by the acts of the defendants, and its agents, as described herein.


### Monell Liability

     48.    The Due Process constraints with which the NYCPD is required to comply when

making warrantless seizures of motor vehicles, and thereafter retaining continuous possession of

same, were explicitly pronounced to the City of New York and the NYCPD by both the United

States Court of Appeals, and the United States District Court, Southern District of New York in

Krimstock v. Kelly, 306 F3d. 40 (2d Cir. 2002) more than twenty (20) years ago, and invariably

since then in Krimstock v. Kelly, 506 F. Supp.2d 249 (2007); Somerville v. Wright, 2014 WL

794275; Ezagui v. City of New York, 726 F.Supp.2d 275 (2010).

     49.    The fact that police officers employed by the NYCPD in 2025 are still failing to

comply with the requirements explicitly dictated to both the City and the NYCPD by federal

courts more than twenty years ago, constitutes a willful and deliberate disregard for the United

States Constitutional rights of vehicle owners, inclusive of the Plaintiff, and concomitantly, the

defendant City of New York is liable to the Plaintiff for the damages sustained by the Plaintiff,

and for the return of his vehicle.

     50.    Contemporaneously, both the City of New York and the NYCPD have failed to

train and/or properly supervise their police officers as to the clearly established requirements of

Krimstock and its progeny.

51.     It is clearly established law that the New York City Police Department, and its officers, cannot seize motor vehicles and to thereafter deprive their owners of the use and possession of their motor vehicles without affording them a hearing, given the multitude of decisions handed down by the United States Court of Appeals for the Second Circuit, each of which unequivocally states the same.

52.     Defendant Police Officer, who is a police officer employed by the NYCPD, was not trained and/or was not supervised to understand that he/she could not seize and thereafter retain continuing possession of the Plaintiff's motor vehicle for more than four months, without a warrant, or any exception to the warrant requirement.

53.     Such failures to train and/or supervise have caused the Plaintiff to be deprived of the use and possession of his motor vehicle without *Due Process* of law, in violation of his U.S. Constitutional rights.

54.     Because of the actions described herein, and the resultant injuries sustained by the Plaintiff occurred as a result of the City's complete and utter failure to train and supervise defendant Police Officer herein, the defendant City of New York is a "person" liable to the Plaintiff under 42 U.S.C. §1983.

**COUNT II**

***DUE PROCESS* CLAIMS UNDER THE FIFTH AND**
**FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION**

(Substantive *Due Process* - 42 U.S.C. §1983)

55.     The Plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "54" herein above, with the same force and effect as if fully set forth at length herein.

11

56.    At all times described herein, the Plaintiff was vested of constitutionally protected property rights in the use and possession of his motor vehicle.

57.    As detailed herein above, the defendants arbitrarily, capriciously, and deliberately deprived the Plaintiff of such property rights, and engaged in a pattern of conduct that was oppressive in a constitutional sense, in violation of the Plaintiff's rights to substantive due process, as guaranteed to the Plaintiff under the Fourteenth Amendment of the United States Constitution.

58.    More specifically, the defendants refused to release the Plaintiff's motor vehicle while failing to afford the Plaintiff due process by failing to do what multiple federal courts have explicitly ruled the NYCPD must do, to comport with the requirements of Due Process.

59.    All of the injuries described herein above were actually and proximately caused by the acts of the defendant described herein.

60.    The aforesaid defendant's violation of the Plaintiff's *Due Process* rights was made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

61.    Having violated the Plaintiff's Constitutionally protected rights deliberately and concomitantly having caused the Plaintiff to sustain monetary damages as a result thereof, the defendants are liable to the Plaintiff, and the Plaintiff is entitled to secure relief against the defendants, pursuant to 42 U.S.C. §1983.


**COUNT III**

***DUE PROCESS* CLAIMS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION**
(Unreasonable Seizure- 42 U.S.C. §1983)


12

62.     The Plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "61" herein above, with the same force and effect as if fully set forth at length herein.

63.     At all times described herein, the Plaintiffs was vested with a right, under the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures.

64.     As described herein above, the defendants unreasonably seized the Plaintiff's motor vehicle without a warrant, any exception to the warrant requirement, any judicial order, or any other authority for such seizure.

65.     Such seizure additionally and independently became unreasonable within the meaning of the Fourth Amendment, by virtue of the defendant having retained continuing possession of same, and depriving the Plaintiff of same, despite the fact that the vehicle is not necessary to be used as evidence in an criminal proceeding (because none exist), it is not subject to civil forfeiture in connection with any non-existent criminal proceeding, and any alleged legitimate basis for withholding the Plaintiff's vehicle from the Plaintiff has ceased to exist, if it ever existed at all, which it did not.

66.     As a result of the forgoing, the Plaintiff is entitled to: (a) an order directing the immediate release of his vehicle by the defendants, (b) a monetary award for compensatory damages he has sustained for the loss of use and possession of his vehicle, which the defendants have cause the Plaintiff to suffer, plus (c) reasonable attorney's fees herein, and he is entitled to recover all of such relief in this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.


## COUNT IV

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
(Federal Rule of Civil Procedure R. 57)

13

67.    The Plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "66" herein above, with the same force and effect as if fully set forth at length herein.

68.    As described herein above, the defendant has violated and continue to violate the Plaintiff's constitutional right to *Due Process* by depriving the Plaintiff of the use and possession of his motor vehicle without *Due Process*.

69.    The defendants have continued, and continue such ongoing deprivations, despite the fact that no reasonable federal agent could reasonably believe that they could retain continuing possession of the Plaintiff's vehicle while violating the constraints of the *Due Process Clause* of the 14th Amendment as were laid bare within <u>Krimstock</u> and its progeny.

70.    Despite the same, the defendants': (a) ongoing refusal and failure to comply with the dictates of Krimstock, (b) continuing refusal to release the Plaintiff's motor vehicle continues at present, and (c) continuing violation of the Plaintiff's rights, persist to date.

71.    As such, there is an actual controversy over which this Court possesses jurisdiction.

72.    In view of the foregoing, the Plaintiff seeks (a) a declaratory judgment, adjudging that such practices on the part of the defendants are unconstitutional, that the continuing deprivation of the Plaintiff's rights is unconstitutional, and (b) affirmative injunctive relief, in the form of a Court Order ordering the defendants to release the Plaintiff's motor vehicle immediately.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court render judgment:

## COUNT ONE
### Procedural *Due Process* Claim - 42 U.S.C. §1983, §1988

(a)      Awarding the Plaintiff compensatory damages against the Defendants and a Judgment for same, jointly and severally, in the amount of $100,000 or such greater or other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the Defendant, in such amounts as the Plaintiff establishes at the time of trial; and

(b)      For an order directing the Defendants to release the Plaintiff's vehicle back to the Plaintiff immediately; and

(c)      For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)      For any and all expert fees incurred by the Plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)      For such other and further relief as this Court may deem just and proper.

## COUNT TWO
### Substantive *Due Process* Claim - 42 U.S.C. §1983, §1988

(a)      Awarding the Plaintiff compensatory damages against the Defendants and a Judgment for same, jointly and severally, in the amount of $100,000 or such greater or other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for

15

the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the Defendants, in such amounts as the Plaintiff establishes at the time of trial; and

(b)    For an order directing the Defendants to release the Plaintiff's vehicle back to the Plaintiff immediately; and

(c)    For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)    For any and all expert fees incurred by the Plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)    For such other and further relief as this Court may deem just and proper.

## COUNT THREE
### Unreasonable Seizure Claim - 42 U.S.C. §1983, §1988

(a)    Awarding the Plaintiff compensatory damages against the Defendants and a Judgment for same, jointly and severally, in the amount of $100,000 or such greater or other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the Defendants, in such amounts as the Plaintiff establishes at the time of trial; and

(b)    For an order directing the Defendants to release the Plaintiff's vehicle back to the Plaintiff immediately; and

(c)    For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)    For any and all expert fees incurred by the Plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)    For such other and further relief as this Court may deem just and proper.

16

## COUNT FOUR
### Declaratory Judgment and Injunctive Relief – F.R.C.P. 57

(a)    Adjudging and declaring that the Defendants' practices described herein above are violative of the *Due Process Clause* of the 14th Amendment, and

(b)    Enjoining the Defendants from continuing to maintain such constitutionally infirm practices, and

(c)    For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)    For any and all expert fees incurred by the Plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)    For such other and further relief as this Court may deem just and proper.


Dated: Merrick, New York
January 31, 2025

Yours etc.,

Campanelli & Associates, P.C.
*Attorneys for Plaintiff*
By:    /s/ Andrew J. Campanelli
        Andrew J. Campanelli

1757 Merrick Avenue, Suite 204
Merrick, New York 11566
(516) 746-1600

17